Ex. "A"

Name **Davis, Scott**

Case **SCK 32799**

Date **8.25.2005**

# DRUG COURT ORDERS/CONDITIONS OF PROBATION

**(L21)** ___ Defendant is accepted to participate in Drug Court Program

**(G1)** ___ Imposition of judgment suspended.

**(X1)** ___ On **CONDITIONAL SENTENCE** to the Court for eighteen (18) months.

**(X23)** ___ Complete minimum 9-month Drug Treatment Program.

**(X2)** ___ Be of good conduct and abide by all laws.

**(X3)** ___ Abstain from the use of alcohol and/or drugs.

**(X3A)** ___ Do not be in places where alcohol is the primary item of sale.

**(X24)** ___ Do not consume anything containing poppy seeds.

**(X4)** ___ Do not possess any drugs or drug paraphernalia without a valid prescription.

**(X6)** ___ Submit to random chemical tests at the direction of your drug counselor.

**(X7)** ___ Complete a diagnostic evaluation as directed.

**(X8)** ___ Complete all objectives of your Counseling Treatment Plan.

**(X8A)** ___ Submit to warrantless seach & seizure of person, property, personal business, vehicle at any time of day

**(X8B)** ___ or night and residence any time of the day or reasonable hours of the night by any Probation or Law Enforcement Officer

**(Y14)** ___ Or Program Representative

**(X9)** ___ Make all counseling sessions, court appearances, Narcotics Anonymous meetings (or other self-help meetings) as directed.

**(X10)** ___ Keep your counselor and the Court advised of your current address and phone number at all times.

~~WAIVED~~ Register as a "controlled substance offender" with either your local police department or Sheriff pursuant to section 11590 of the Health & Safety Code, and bring receipt to next court appearance.

**(X13)** ___ Court waives the Drug Program Fee, finding the defendant does not have the ability to pay.

**(X14)** ___ Court imposes $100.00/$200.00 State Restitution Fine per 1202.4 of the Penal Code. Court finds

**(X15)** compelling and extraordinary reasons to waive fine as follows: Defendant ordered to pay

**(X16)** weekly counseling fees for a 9-month Drug Treatment Program. Any court ordered payments shall be

**(X17)** directed to those counseling fees.

X20 ___ To serve _____ months county jail, execution of sentence stayed pending successful completion of probation.

**(X21)** ___ Report **immediately** to:
DRUG COURT TREATMENT CENTER
2230 Professional Drive, C
Santa Rosa, CA

**(X22)** ___ Test as directed at Orenda Center

**(Y27)** ___ Defendant agrees to all terms and conditions of Probation

Defendant's Signature _Scott Davis_

**Judge of the Superior Court**

Address _____

City _____ St _____ Zip _____

C:\Clks-3 (Revised 9-15-2003)

Ex 'D'

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SONOMA

PEOPLE OF THE STATE OF CALIFORNIA,
                                    Plaintiff,

CASE NO. SCR 32799

vs.

DRUG COURT AGREEMENT

Scott Davis                Defendant/

I agree to give up the following rights and to carry out the agreements listed below and as explained in the "Notice to Participants".

1.  To enter the Drug Court Program, I understand I will plead guilty to a certain charge or charges. The Judge will put me on probation for eighteen (18) months and will impose a jail sentence. The Judge will then stay or delay my jail sentence so that I can successfully complete the treatment program.

2.  I understand that as I plead guilty I will give up my right to a speedy jury trial or court trial. I will also give up my right to remain silent or to testify on my own behalf. I also give up my right to see, hear, and cross-examine the prosecution's witnesses or to call witnesses on my behalf.

3.  I also understand that any time within **fourteen (14) days from today** I can withdraw from the Drug Court Program by telling the Judge that I don't want to participate in the Program. Likewise, the Judge may also terminate me from the program during the first fourteen (14) days. If either happens, my not guilty plea will be re-entered and my case will be transferred back to a criminal department.

4.  I agree to complete a diagnostic evaluation in order to design my individual treatment program. I authorize the release of all treatment information to the Court and to Drug Court personnel. This information cannot be used by the District Attorney to prosecute me, but it can be used by the Court to see how well I am doing in the program.

5.  I understand that this is a minimum nine (9) month *intensive drug treatment program.* It will include individual counseling, group counseling, urine testing, designated self-help meetings, and constant review by the Drug Court Judge. I agree to complete all objectives in my personal "counseling treatment plan."

6.  I understand that I will have to appear in court on a regular basis and will be personally accountable for my progress in the Drug Court Program. No attorney will speak on my behalf. *I will speak for myself and speak directly to the Judge.*

7. I understand that any failure in the treatment program such as missing counseling sessions, missing urinalysis test(s), positive urinalysis test(s), or a new arrest will result in an immediate appearance in front of the Judge. The Judge will then have the option to sanction me for my behavior to include increased treatment and counseling, more court appearances, immediate jail, termination from the program, or other sanctions the Judge deems appropriate.

8. I agree to pay for my counseling as ordered by the Drug Court Judge. If I do not complete the program, I understand that I will not get any money back.

9. I also agree that the Court may extend my probation to give me additional time to complete the counseling program.

10. I agree to keep my counselor and the Judge advised of my current address and phone number at all times.

11. I understand that the Court will order random chemical testing to insure that I am not using alcohol or drugs. This testing is usually done at the Orenda Center, however the Court may, without notice to me, require testing at another location by an outside agency, i.e. treatment providers, the Probation Department or a law enforcement agency.

12. I also understand that if I successfully complete the Drug Court Program the Judge will allow me withdraw my guilty plea and my case will be dismissed, or the Judge will grant such other relief as allowed by law.

I have read my statement of rights and I have read the "Notice to Participants". I also have read the agreements I am making with the Court. I understand what I have read, I give up these rights and I enter into these agreements with the Court.


_____    8-25-05
Defendant's Signature                Date

_____    8-25-05
Attorney for Defendant               Date

_____    8-25-05
Deputy District Attorney             Date

_____    8/25/05
Judge                                Date

rev. 9/18/0                    -2-

SUPERIOR COURT OF THE STATE OF CALIFORNIA
County of Sonoma - Civil Division
600 Administration Drive, Room 107-J
Santa Rosa, California 95403-2878
707/565-1100, www.SonomaSuperiorCourt.com

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SONOMA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | Case #SCR-32799 |
| Plaintiff/Respondent, | **Certificate on Clerk's Secret Transcript** |
| vs. | |
| SCOTT WILLIAM DAVIS, Defendant/Appellant. | |

I, Heide Keeble, Deputy Clerk of Court for the Sonoma County Superior Court, do hereby certify that the foregoing documents comprise a full and complete Clerk's Transcript on Appeal as designated by the parties in this case. The originals of these documents are located in the case file maintained at this court.

IN WITNESS WHEREOF, I have hereunto set my hand this:

Date: February 21, 2007

DENISE GORDON,
COURT EXECUTIVE OFFICER,

By _____
Heide Keeble,
Senior Legal Processor

Ex "C"

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SONOMA

HON. ROBERT S. BOYD, PRESIDING          Courtroom

**FILED**

JAN 26 2007

Clerk of the Superior Court of California
County of Sonoma
By:_____

ORIGINAL

---oOo---

THE PEOPLE OF THE STATE OF          )
CALIFORNIA,                         )
                                    )
                Plaintiff,          )
                                    )
        vs.                         )          No. SCR-32799
                                    )
SCOTT WILLIAM DAVIS,                )
                                    )
                Defendant.          )
_____)


REPORTER'S TRANSCRIPT OF SENTENCING

December 19, 2006


APPEARANCES

For the People:                STEPHAN PASSALACQUA
                               District Attorney
                               212-J Hall of Justice
                               Santa Rosa, CA 95403
                               By:  Jim Shine


For the Defendant:             JAMIE THISTLETHWAITE
                               Attorney at Law
                               Santa Rosa, CA


Reported by:   CHRISTINE L. ARNESON, CSR #   1690

1         SUPERIOR COURT FOR THE COUNTY OF SONOMA

2              STATE OF CALIFORNIA

3         HON. ROBERT S. BOYD, PRESIDING

4

5       December 19, 2006

6       The proceedings of the afore-mentioned matter

7   came on regularly this day in the Superior Court of the

8   County of Sonoma State of California, before Honorable

9   ROBERT S. BOYD, Presiding.

10        THE PEOPLE OF THE STATE OF CALIFORNIA were

11   represented by JIM SHINE, Deputy District Attorney for

12   the Sonoma County District Attorney's Office.

13        The Defendant, SCOTT WILLIAM DAVIS was

14   represented by JAMIE THISTLETHWAITE, Attorney at Law.

15

16        CHRISTINE L. ARNESON, Certified Shorthand

17   Reporter, was present and acting.

18        The following proceedings were had and taken,

19   to wit:

20        THE COURT:  Let's take the matter of

21   Mr. Davis.  This matter comes on for sentencing on the

22   matter of Scott Davis.  The court has read and reviewed

23   the presentence report.  The court has a long history

24   with Mr. Davis in drug court, and the court would be

25   prepared to accept a recommendation.

1          Counsel wish to be heard?

2          MS. THISTLETHWAITE:  I do, Your Honor, in that

3  the recommendation is the maximum aggravated term.    I

4  have had a chance to sit down and talk with Mr. Davis.

5  Present in court is his mother, who asked for the

6  opportunity to address the court briefly prior to

7  sentencing.

8          Ms. Davis, could you please stand up and

9  identify yourself for the record?  Why don't move up to

10  the bar.  You are going to have to be stand right there

11  and identify yourself.

12          MS DAVIS:  I am Scott's mother, Alece Davis.

13  I am here to say that over the last year and half, two

14  years, Scott has come a long way.  He has really made an

15  improvement and tried very, very hard.  The Scott that

16  we have with us today is not the Scott that we had three

17  or four years ago.  He has really put a good effort into

18  getting himself up, and he has really come forward a

19  long way.  I just -- I really want you to know we really

20  feel he has made such an effort.

21          THE COURT:  Thank you.  All right.

22          MS. THISTLETHWAITE:  Your Honor, I was with

23  Mr. Davis at the initial sentencing in Department No. 1,

24  I believe, in front of Judge Dale at that time.  And the

25  circumstances of the original offense was that Mr. Davis

1   was under the influence of alcohol, severely, reached

2   over a counter grabbing some money out of a cash

3   register while the video was running, and then was just

4   stopped.    It was the most unsophisticated crime --

5   spontaneous in its nature, certainly due to the fact

6   that at that point he was under the influence of

7   alcohol.

8            We litigated the matter, and if indeed he

9   would have done the three years, which would have been

10  the maximum aggravated offense at the time, he would

11  have been out in a year and a half, been on parole.

12  What he ended up doing was, according to my records, 14

13  months at Solidarity House.    And I believe when

14  everything was figured out, over 500 days of custody.

15  So we have 14 months of treatment, 500 days of custody,

16  plus and all the time he did in drug court.

17            After speaking with Mr. Davis, he told me that

18  he was trying his best to be -- he started to have

19  emotional problems, which he ended up in Oak Crest --

20  how many times?

21            THE WITNESS:    I went up there on night stay,

22  and I went up there -- it is overnight one time, just

23  checking in because I was having such problems.

24            MS. THISTLETHWAITE:    Considering the

25  circumstances, and what he has tried to do, I am asking

1  the court instead of the three years in state prison to
2  consider a Johnson waiver and one year with probation to
3  terminate from this date.  I think that that recognizes
4  the effort he has made and also acknowledges his parents
5  have been supportive and seen a change in him.  His
6  mother here just told the court as well as the
7  circumstances of the original offense, which were
8  extremely, I would think, well-reflected in the charge,
9  666; that is what he did.  He got drunk, reached over,
10 took some money on the video camera.  So I am asking the
11 court to consider one year with probation to terminate.
12         THE COURT:  Mr. Shine?
13         MR. SHINE:  What isn't being talked about is
14 the recommendation is -- I think the recommendation
15 comes to us after such a long time trying to work with
16 Mr. Davis.  And irrespective of what his mother said,
17 maybe he changed in her eyes, but he wasn't changing as
18 far as drug court goes.  I have been doing drug court
19 for 14 or 15 months, and he predated me.  We spent a
20 long time with him trying to do tons of stuff, and he
21 just was recalcitrant or unable to comply.  I think with
22 what his record is that the three years is an
23 appropriate sentence.
24         MS. THISTLETHWAITE:  If I could respond.  I do
25 not believe that this is an aggravated case where the

1    three years would have been even appropriate at the time

2    of sentencing.  As I said, if he got that, he would have

3    been long done.  Mr. Davis has told me -- this is what

4    he is telling me -- he completed all the paperwork and

5    was three weeks shy of graduating when he finally kind

6    of went over the edge.  Now, I am hoping that is true.

7    Mr. Davis is giving me that information.  I don't know

8    if it could be confirmed; but when Mr. Davis was having

9    these problems, he was calling me, and I was telling him

10   to hang in there, because I thought, of course, it would

11   be best for him.  He was emotionally unable to do it,

12   but he did give it what I consider an effort because he

13   was certainly in this program for a long time.

14          So I am still sticking with my original

15   request for the court to consider a Johnson waiver with

16   one year in the county jail, which would give him

17   basically over two actual years in custody more than he

18   would have done, probably close to three actual years in

19   custody on this case at this point.  I submit it.

20          THE COURT:  Thank you.  The Court has read and

21   reviewed the presentence report and appreciates the

22   comments the Court has heard.  In going through the

23   history, I see back in March of '04 when -- I didn't

24   realize it was Judge Dale, but I will accept that,

25   execution of sentence suspended.

1          Mr. Davis, while you have been -- since March

2     '04, you have known that if you were not able to

3     complete the program that is what you were going to be

4     facing.  I see you were sent to Solidarity House, and

5     after that you picked up a new drug charge, 11550, came

6     into our drug court program, and they there were five

7     violations of the drug court policy.  And then upon that

8     fifth violation, your indication was you didn't want to

9     do the program, didn't want to do drug court, not

10    interested in any more programs.

11          So, unfortunately, it sounds like you have

12    given up on yourself, which I find disturbing, because I

13    think through the drug court process, I think you

14    learned a lot.  I hope it stays with you.  But at this

15    point, the information you gave probation, you are

16    simply not interested in any program, so it comes to the

17    court then with a suspended sentence.

18          So the Court -- I am going to go ahead and

19    impose the suspended sentence.  Life is not over.  You

20    are going to be getting out.  You do have credits we

21    will talk about in a minute.  I hope you can use some of

22    the tools you learned in drug court to your advantage

23    when you get out of CDC, because for a while you were

24    doing fine, and then you just couldn't stay with it.

25    There are issues you need to deal with, emotional issues

1    I hope you get some help on.

2            At this time, probation is revoked.  You're

3    committed to the Department of Corrections,

4    rehabilitation for the term of three years.  You are

5    ordered to pay restitution to the victim, Sonoma Joe's

6    Sports Bar and Casino in the amount of $311.85, pursuant

7    to Section 1202.4 of the Penal Code, to be collected by

8    the Department of Corrections.  You are ordered to pay a

9    restitution fine in the amount of $600 to be paid in a

10   manner to be determined by the Department of

11   Corrections.

12           You are ordered to pay an additional

13   restitution fine pursuant to Section 1202.45 of the

14   Penal Code in the same amount as that imposed to the

15   victim.  This additional restitution fine shall be

16   suspended unless your parole is revoked.

17           You have been convicted of a felony.  You may

18   not own, or have in your possession or under your

19   custody or control any firearm or ammunition.

20           And as for credits, accepting the calculation

21   by probation, you have 192 days for custody --

22           MS. THISTLETHWAITE:  As of December 13, he had

23   198 custody, 98 conduct credits, for a total of 296

24   days.

25           THE COURT:  Those will be your credits.

8

1    MS. THISTLETHWAITE:  Mr. Davis was asking you

2  to consider giving him credit for the time that he did

3  in drug court under 2900.5.

4    MR. DAVIS:  Yes.

5    THE COURT:  That is an out-of-custody program,

6  so I don't believe it would be appropriate for me to

7  that.

8    You do have a right to appeal the sentence.

9  If you wish to file an appeal, you may file a written

10  notice of appeal with the clerk of this court within 60

11  days of today.  If you are unable to hire an attorney,

12  the appellate court will appoint an attorney to

13  represent you.  If you do appeal, you have a right to a

14  free transcript and necessary records of the court.

15  Written notice of appeal must be timely filed within 60

16  days of today.

17    Mr. Davis, you still have a life.  You know,

18  time goes by, and whatever issues you have, deal with

19  them, take care of them.  I don't want to think you have

20  given up on yourself.

21    THE WITNESS:  I think I gave it an effort,

22  though, Your Honor.  We are talking about, you know, not

23  to make a felony light, it is one of the lightest

24  felonies, petty theft with a prior, and I do 31 months

25  rehabilitation -- seven more months than someone who

1    went to Delancy Street.  I have some problems, I go to

2    Oak Crest, and you say because I don't want to

3    participate --

4              THE COURT:  I am only concerned about your

5    future.  I really want you to get whatever help you

6    need.  It is out there.  Apply for it, ask for it and

7    get it when you have a chance.  I don't want to see you

8    back in our courts again.  That will be the sentence.

9              (Proceedings concluded.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    REPORTER'S CERTIFICATE

2    COUNTY OF SONOMA              )

3                                 )   ss.

4    STATE OF CALIFORNIA           )

5

6          I, CHRISTINE L. ARNESON, CSR #1690, a

7    certified court reporter in and for the County of

8    Sonoma, State of California, do hereby certify that the

9    foregoing Pages 1 through and including 10 comprise a

10   true and complete transcript of the proceedings reported

11   by me on December 19, 2006, in the foregoing matter.

12

13

14         Dated this 16th day of January 2007.

15

16

17

18   _____

19         Christine L. Arneson, CSR #1690

20

21

22

23

24

25

11

Ex. D

CR-32799    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA    Page 13

8/25/2005 DE 1    Courtroom Minutes of Department 15    (continued)
Totally abstain from use of alcohol/drugs
Stay out of places where alcoholic beverages are the primary item
of sale
Do not consume anything containing poppy seeds
Not to possess any drugs or drug paraphernalia without valid
prescription
Submit to random chemical tests at the direction of your drug
counselor
To complete a diagnostic evaluation as directed
To complete all the objectives of your ^counseling treatment
plan^.
Submit to warrantless search and seizure of person, property,
personal business or vehicle at any time day or night;
Or Program representative.
Make all counseling sessions, court appearances, Narcotics
Anonymous meetings, or other self help meetings as directed
To keep your counselor and the court advised of your current
address and phone number at all times
Court waives Drug Program Fee, finding that defendant does not
have ability to pay
Court finds compelling and extraordinary reasons to waive fine as
follows:
Defendant ordered to pay weekly counseling fees for 9-month drug
treatment program
Any court ordered payments shall be directed to those counseling
fees
Test at Orenda Center
Defendant agrees to all terms and conditions of Probation.
CONTINUED TO - 09/01/2005 at 2:00pm 15, FOR REVIEW

/01/2005 DE 1
OR FEE TO APPLY

/01/2005 DE 1    Courtroom Minutes of Department 15

HON: Robert S. Boyd  DDA: PHILLIP J. ABRAMS  CLK: MB
Defendant present
Remanded into custody
NO BAIL
CONTINUED TO - 09/08/2005 at 2:00pm 15, FOR REVIEW

/06/2005 DE 1
AUTOMATED 8715 SUBSEQUENT ACTION ISSUED

/08/2005 DE 1
OWN RECOGNIZANCE AGREEMENT TO APPEAR FILED

Ex."E"

# *MEMO*

HEARING DATE: 08/11/05

FILING DATE: 08/08/05

DA File No. 457013

PD File No. 307770

```
RECEIVED
BUT NOT FILED

JUL 1 8 2005

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
```

DATE:        July 15,2005

TO:          HONORABLE CERENA WONG, Judge of the Sonoma County Court

FROM:        Gina DiGiacomo, Deputy Probation Officer

SUBJECT:     TREATMENT UPDATE

:E:          DAVIS, SCOTT WILLIAM   Court Case No. SCR-32799   Probation File No. 77484

ATTORNEY: Ande Thomas, Deputy Public Defender

CASE SUMMARY:
On July 08, 2005 the defendant was in Court regarding a violation of probation, based upon possession of drugs and being under the influence of drugs. The matter was continued until 08/11/2005 for sentencing. TASC has provided further information regarding treatment.

TREATMENT STATUS:
The defendant was screened and accepted into TASC on 07/06/05. According to Jerry Knoakes, TASC case manager, the defendant "admits to having a drug problem and is ready to change his life. TASC is recommending that he attend the 30 day Residential program with 6 months of outpatient follow up. Ths will include further drug testing, involvement in NA/AA, be gainfully employed and make all of his appointments. It is my recommendation that he stay incarcerated until bed-space becomes available. It is my hope that the Court will grant Mr. Davis this opportunity to do something about his addiction."

CREDIT FOR TIME SERVED:

02/07/03:    Hold placed on defendant in Sacramento County.
03/11/03:    Warrant arrest
12/19/03:    Released on bail
01/12/04:    Defendant entered treatment at Solidarity House.

1              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2                  IN AND FOR THE COUNTY OF SONOMA

3                     DEPARTMENT NUMBER 2

4              BEFORE THE HONORABLE CERENA WONG, JUDGE

5                          ---O---

6

7

8

    THE PEOPLE OF THE STATE OF CALIFORNIA,   )  NO. SCR-32799
9                                            )
                                             )
10                                           )
                            PLAINTIFFS,      )
11                                           )
    VS.                                      )
12                                           )
                                             )
13   SCOTT WILLIAM DAVIS,                     )
                                             )
14                                           )
                                             )
15                          DEFENDANT,       )
                                             )
16   ─────────────────────────────────────

17                    REPORTER'S TRANSCRIPT

18                     AUGUST 16, 2005

19                     (Pages 1 - 10)

20

21

22

    Appearances:
23

24   FOR THE PEOPLE:        STEPHAN PASSALACQUA, DISTRICT ATTORNEY
                            BY: BARRY MCBRIDE, DEPUTY
25
     FOR THE DEFENDANT:     JAMIE THISTLETHWAITE
26                          ATTORNEY AT LAW

27

28   REPORTED BY:   TERI M. HOSMER
                    C.S.R. NO. 7246

Exhibit K

1  a break when that strike was stricken.  And he got half of what

2  he could have got.  And he's had probation.  He's had a chance

3  at probation since that strike was stricken.

4            THE COURT:   Ms. Thistlethwaite, Mr. Davis is --

5  he's 40?

6            MS. THISTLETHWAITE:   40.

7            THE COURT:   40.  I'm not willing.  I looked it

8  over, Mr. Davis' -- I didn't see this letter addressed to me

9  about what, a 30-day residential treatment program with

10 T.A.S.C., drug court, no.  Mr. Davis has just been treading

11 water forever here.

12           MS. THISTLETHWAITE:   Your Honor, he would be

13 absolutely willing to go into a longer program as directed by

14 T.A.S.C. if the Court is not considering the 30-day program.

15 There's a six month program at Orinda, and he's willing to do

16 that and, once again, waive those credits.

17           THE COURT:   Well, his credits today are 116.

18           MS. THISTLETHWAITE:   As of today, because he's

19 waived 892.

20           THE COURT:   Actually, he has more, because this

21 was last week.  So, he has a few more.  Let's see whether or

22 not Judge Boyd -- what the heck.  Let's see if Judge Boyd is

23 willing to take him.  I don't know.

24           MS. THISTLETHWAITE:   Thank you, Your Honor.

25           THE COURT:   Continue to waive time?

26           MS. THISTLETHWAITE:   Yes.

27           THE COURT:   You can make your same pitch over

28 there.  Might be easier to soften up.  You come back here.

Exhibit K

1            MS. THISTLETHWAITE:    I'll do my best not to come

2   back here.

3            THE COURT:    You come back here, and Mr. Davis is

4   going to prison.

5            Next Thursday at 2:00 p.m. Department 15 for

6   possible acceptance into drug court.

7            MS. THISTLETHWAITE:    Thank you.

8            THE COURT:    All right.

9            (Whereupon the proceedings were concluded.)

10                       ---0---

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

Exhibit K

1   State of California    )

2                          )        ss.

3   County of Sonoma       )

4

5

6    I, TERI M. HOSMER, certified shorthand reporter,

7   do hereby certify that I am an Official Court reporter of the

8   County of Sonoma, State of California, and that as such, I

9   reported the proceedings had in the above-entitled matter at

10  the time and place set forth herein.

11   Thereafter, my stenograph notes were transcribed into

12  typewriting under my direction; and that the foregoing pages

13  numbered 1 through 10, constitute a full, true, and correct

14  transcription of my said notes.

15

16

17

18        _____

19            TERI M. HOSMER, C.S.R. #7246

20

21

22

23

24  Dated:   May 2, 2007

25

26

27

28

                                                                10

Exhibit K

Ex "m"

SUTTER ME :AL CENTER OF SANTA ROSA - CHA ... CAMPUS
INPATIENT PSYCHIATRIC SERVICES
3325 Chanate Road
Santa Rosa, CA 95404

PSYCHIATRIC EVALUATION

DATE OF ADMISSION:    ~~02/22/2006~~ wrong date, should be 3/9/06

SCMH MRN:
100-98-55

SOURCE OF INFORMATION:
The patient and his PES chart.

IDENTIFYING DATA:
This is a 41-year-old divorced white male who lives in a house with roommates.

CHIEF COMPLAINT:
"I came here because drug court thought that I should."

PRESENT ILLNESS:
This is a 41-year-old divorced white male who comes in voluntarily today as he
has been involved in drug court apparently for several years and they have some
concerns that he has been experiencing some paranoia recently.

The patient does admit that he has had two brief episodes of paranoia the last
few weeks and he is not really sure what precipitated these experiences other
than that he has been under a lot of stress.

He states as stressors that he had a landscape business in south San Francisco.
He had a partner who was supposed to be handling things as the patient apparently
has to be in Sonoma County for his legal problems and that he has had some
ongoing problems with his partner and the end result is his business was not
handled very well and now he has lost his landscape business in San Francisco.
He states that this is difficult financially, but that really in some ways it has
sort of been a blessing because at least now he does not have to deal with that
additional stress.

He also is concerned that he has so many things he needs to do for drug court
that it is hard for him to run his window washing business and his business is
impacted as well as he does not have a driver's license because he has had a DUI
in the past, and therefore, it is hard for him to get transportation as well.

The patient does admit he has a very long history of drug and alcohol use and his
drug of choice is methamphetamines. He admits that when he has been using
methamphetamines in the past he has had periods of paranoia similar to what he
has had recently, but the last few weeks is the first time he has had any
paranoia when he has been clean off the methamphetamines for a period of time.

He states that he is very ambivalent about whether he wants to be on any

PATIENT NAME: DAVIS , SCOTT W
MR#:          0000000000325825
ADM DATE:    02/22/2006                    Susan L Ahart, MD

Ex "m"

Ex "m"

SUTTER MEDICAL CENTER OF SANTA ROSA CHANATE CAMPUS
INPATIENT PSYCHIATRIC SERVICES
3325 Chanate Road
Santa Rosa, CA 95404

### PSYCHIATRIC EVALUATION

medications. This is discussed with him at length about different medication options and side effects and benefits and the patient feels like at this point he does not want to be on medications, that if he has another paranoid episode, then he might consider it at this time. When he had one of his paranoid episodes recently, he did come to Psychiatric Emergency. That was 02/28/06. He was held overnight and then he left, and he says that since that time he has had no more paranoia.

He states that he is sleeping pretty well at night and his appetite is okay.

**PSYCHIATRIC HISTORY:**
He came to Psychiatric Emergency Services 02/28/06 with the patient being in crisis stabilization overnight. Other than that, he was hospitalized on inpatient services a long time ago in 1992 and that was related to being paranoid from methamphetamine use.

He denies that he has been on any psychiatric medications in the past.

**LEGAL HISTORY:**
As mentioned earlier, has a DUI. He may also have a history of some sort of assaultive behavior with some legal problems and he does have some legal problems at this point and is involved in drug court.

**SOCIAL HISTORY:**
He has a 20-year-old son who lives in Windsor. He shares a house with some roommates. He states he has a very good support system. He attends AA regularly and he has a sponsor. He has his own window washing business and he did get his GED. He has two siblings.

**FAMILY HISTORY:**
Unknown as he is adopted.

**MEDICAL HISTORY:**
He says occasionally his blood pressure has been increased, but he is not on any medication. He also has obesity. His vital signs in Psychiatric Emergency: His pulse was 80 and his blood pressure was 141/81.

**MEDICATIONS:**
He is not taking any medications.

**ALLERGIES:**
HE HAS NO ALLERGIES.

**HABITS:**
He stated that he started using methamphetamines and alcohol at age 15. He used them very extensively until 1 to 2 years ago and that he did have paranoid

PATIENT NAME: DAVIS , SCOTT W
MR#:          0000000000325825
ADM DATE:     02/22/2006                    Susan L Ahart, MD

Ex "m"

SUTTER MEDICAL CENTER OF SANTA ROSA  CHANATE CAMPUS
INPATIENT PSYCHIATRIC SERVICES
3325 Chanate Road
Santa Rosa, CA 95404

### PSYCHIATRIC EVALUATION

episodes intermittently while he was using the methamphetamines. He went to a
rehabilitation called Solidarity in San Mateo in the past. He is currently
involved in drug court and denies that he has used any substances since May of
2005.

**MENTAL STATUS:**
This is a 41-year-old divorced white male who is obese well-groomed, good eye
contact, cooperative. His speech is of normal rate and rhythm. His mood, "I'm a
little stressed out". His affect is mildly anxious, but euthymic. His thoughts
are goal directed. He denies any auditory or visual hallucinations. He denies
any delusions. He denies any suicidal or homicidal ideation. His judgment is
fair and his insight is fair.

**IMPRESSION:**
This is a 41-year-old divorced white male who has a very extensive history of
drug and amphetamine use, who currently has multiple stressors related to the
ramifications of having legal problems from his drug use. The patient denies
that he is suicidal or homicidal or ever tried to hurt himself or anyone else.
He does not want to be on medications. He says that he really only came, it
sounds like he might have thought if he came for an evaluation they would look on
it favorably in his drug court as he says that he is tired of being in the legal
system.

The patient was advised that he is at risk to have another psychotic episode and
that being on medication might prevent that from happening, but the patient
states that he feels like his stress has reduced significantly and he does not
want to go on medications at this time.

**ADMITTING DIAGNOSIS(ES):**
AXIS   I:   History of 298.8 brief psychotic disorder.
            History of polysubstance dependence in remission.
AXIS  II:   799.9.
AXIS III:   Possible history of high blood pressure and obesity.
AXIS  IV:   Legal problems.
AXIS   V:   55.

**SPECIAL CONCERNS:**
None.

**TREATMENT PLAN:**
The patient was offered psychotropic medications which he declined and states
that he will return to Psychiatric Emergency Services if he has another psychotic
episode. The patient does not meet criteria for a 5150 and/or even does not seem

PATIENT NAME: DAVIS , SCOTT W
MR#:          0000000000325825
ADM DATE:     02/22/2006                    Susan L Ahart, MD

Page 3 of 4

Ex"m"

SUTTER MEDICAL CENTER OF SANTA ROSA CHANATE CAMPUS
INPATIENT PSYCHIATRIC SERVICES
3325 Chanate Road
Santa Rosa, CA 95404

### PSYCHIATRIC EVALUATION

like he would be appropriate for a voluntary admission. There is no evidence of any psychotic processes today and he answers questions very appropriately.

Susan L Ahart, MD

SLA:EDiX20312 DOCUMENT:200603091447808600
D:03/09/2006 @16:03 T:03/09/2006@17:18 c:03/10/2006@12:40

PATIENT NAME:DAVIS , SCOTT W
MR#:          0000000000325825
ADM DATE:     02/22/2006                    Susan L Ahart, MD

Page 4 of 4

*Suspended Sentence*

1
2

**HEARING DATE:**
December 13, 2006
8:30 AM, Courtroom 2

3
4

**FILING DATE:**
December 6, 2006

5

DA File No. 457013

6

PD File No. 307770

7
8

## SONOMA COUNTY COURTS, STATE OF CALIFORNIA

9
10

THE PEOPLE OF THE STATE OF CALIFORNIA )      SENTENCING REPORT
                                       )      RE: VIOLATION OF PROBATION

11
                                       )
                            Plaintiff, )      Court No. SCR-32799
12                                     )      Probation File No. 77484
                                       )      CII No. A07484716
13                                     )
14   SCOTT WILLIAM DAVIS               )
                                       )      By: Lisa Bautista
15   _____ Defendant)     Deputy Probation Officer

16
17

**ATTORNEY:** Jamie Thistlethwaite                **BOX:** 256

18
19

**CASE SUMMARY:**

20  03/11/04:   Defendant sentenced to three years state prison following a felony conviction of Section
21              666 PC. Court finds unusual case in granting probation; execution of sentence suspended
                and formal probation granted for 36 months.  Terms and conditions include:
22              Participate/complete programs of assistance and counseling as directed by probation and
                not leave without prior written consent; although not a condition of probation, the
23              defendant waives custody credits while in residential treatment program for all purposes;
                search and seizure; random chemical testing; do not possess or use any alcohol; do not
24              possess or use controlled substances or associated paraphernalia without valid prescription;
                no bars or liquor stores; continue to reside at Solidarity House; comply with all program
25              requirements; make satisfactory progress; not to own, possess, have custody or control of
                firearms or ammunition; be of good conduct and obey all laws; restitution fine of $880;
26              (includes administration fee); restitution fine of $880 as directed by CDC per 1202.45 PC,
                suspended unless parole revoked; fines and fees; 12 months in jail, (474 days credit for time
27              served; pay $311.85 in restitution.

28  08/03/04:   Probation report filed alleging the defendant failed to complete treatment, failed to abstain
                from the use of alcohol and failed to maintain contact with Probation. Probation summarily
                revoked; bench warrant issued.

-Page 1-

*Ex "Q"*

| | | |
|---|---|---|
| 08/18/04: | Court finds defendant in violation of probation based on failure to abstain from alcohol, failure to contact probation and failure to remain in treatment. Continued to 09/29/04 for sentencing. |
| 09/29/04: | Probation reinstated. All other terms and conditions remain in full force and effect, although not a condition of probation, defendant waives custody credits while in residential treatment program, although not a condition of probation, defendant waives custody credits CTS previously served, for all future purposes, continue residing at Solidarity House, comply with rules and regulations. Defendant not to own, possess, have custody or control of firearms or ammunition per Federal and State law. |
| 05/31/05: | Probation report filed following an on-view 11550(a) H&S and 11377(a) H&S arrest. Probation summarily revoked, continued to 6/3/05 re: availability of Solidarity House. |
| 06/03/05: | Solidarity House no longer available, continued to set. |
| 06/09/05: | Violation of probation admitted for possession and use of drugs, Court finds defendant in violation of probation, continued for sentencing. |
| 08/16/05: | Defendant referred to Drug Court program. |
| 08/25/05: | Defendant accepted to participate in the Drug Court program, conditional sentence to the Court for 18 months; complete minimum nine-month drug treatment program; be of good conduct and obey all laws; totally abstain from use of alcohol/drugs; no bars or liquor stores; do not consume anything containing poppy seeds; do not possess or use drugs or drug paraphernalia without valid prescription; submit to random chemical tests; complete a diagnostic evaluation; complete all objectives of counseling; search and seizure; make all counseling sessions; Court appearances, NA meetings; or other self-help meetings as directed; test at Orenda Center. |
| 09/01/05: | Remanded; dilute UA. |
| 01/09/06: | Remanded; failure to attend NA meetings. |
| 02/02/06: | Remanded; failed to submit UA. |
| 08/23/06: | Remanded; positive UA for methamphetamine. |
| 10/17/06: | Remanded; failed to submit UA. |
| 11/06/06: | Terminated from Drug Court program, referred to Probation for violation of probation report, continued to 12/13/06 at 2:00 PM for sentencing. |

## DEFENDANT'S STATEMENT:

The defendant, Scott W. Davis, was interviewed in custody at the Main Adult Detention Facility on November 16, 2006, and advised of his right to submit a written statement for the Court's

consideration. If a statement is received in a timely fashion, a copy will be attached to this report for the Court's convenience.

Regarding the defendant's recent behavior, Mr. Davis explained, "I told the Judge I didn't want to continue in Drug Court anymore and he told me to think about it, I didn't see him for two weeks, the next time I went to Court I saw Debbie [Pope], she told me she wasn't sure if I'd be able to continue, the next time I saw the Judge he just terminated me [from Drug Court]." When asked why he did not want to participate in Drug Court he replied, "My counselor, Tommie, told me I should move on, I've done so many programs, I'm burnt out. I did a year at Solidarity House and lived there for an additional four to five months, so I was actually there for 17 months, I've done over 31 months of programs if you add it all up. I relapsed once in two years, last August [2006]. I used methamphetamine and was drinking. I've lost everything, my wife, everything I owned, I've done treatment, what more can I do?" Mr. Davis reports that he is sicker than he thinks, and revealed that he was recently admitted to Oakcrest, due to stress, explaining that he is sober, yet still ends up in a psychiatric hospital. He expressed a need for counseling, however, is unable to identify any specific issues that need to be addressed.

Regarding disposition, the defendant does not express interest in participating in any program and questions the options available to him.

COLLATERAL INFORMATION:

Probation History: On March 11, 2004, the defendant was sentenced to three years state prison, execution of sentence suspended and granted three years formal probation. On August 3, 2004, probation was summarily revoked and the defendant admitted to violating probation on August 18, 2004, for his failure to abstain from alcohol, failure to remain in treatment, and failure to report to Probation. On September 29, 2004, he was ordered to continue residential treatment at Solidarity House and to comply with all rules and regulations. On May 31, 2005, probation was summarily revoked a second time after he

# JENNIFER A. MANNIX, ESQ.
## ATTORNEY AT LAW

1241 Knollwood Drive
PMB #122
Cambria, CA 93428
(805) 927-1100 (Office)
(510) 291-2930 (Fax)

August 30, 2007

Mr. Scott W. Davis
F-55132
California Men's Colony
1-10-44U
P.O. Box 8101
San Luis Obispo, CA 93409-8101

**Re: <u>People v. Davis</u>**
**Court of Appeal No. A116620**
**Superior Court No. SCR32799**

Dear Mr. Davis:

I hope that you are doing well. I have received and reviewed your letter dated August 21, 2007 regarding the trial transcripts from the drug court. On April 20, 2007, I requested that the trial court transcribe the proceedings in the drug court. However, I received a letter from the trial court which stated that there is no court reporter present at these proceedings. As a result, there were no records to transcribe. In other words, I tried to get these transcripts, but they do not exist because the proceedings were never transcribed.

I sent you a copy of both my letter to the trial court regarding the request for these transcripts (a "Rule 8.340 letter") as well as the trial court clerk's response. The clerk's response was sent with the trial transcripts and is a single page letter which states that no transcripts exist. I have enclosed a second copy of my "Rule 8.340 letter" for your records.

**Again, if you relocate while the appeal is pending, please advise me of your new address.**

Sincerely,

Jennifer A. Mannix, Esq.
Attorney at Law

Sonoma County Court Clerk
600 Administration Drive
Santa Rosa, CA. 95403

September 9th, 2007

Re:   Freedom of Information Act Request

Dear County Clerk;

    Under the provisions of the Freedom of Information Act, 5 U.S.C. 552, I am requesting access to Drug Court Treatment Center records located at 2230 Professional Drive in Santa Rosa, California 95401. This information is requested in regards to a habeas petition my attorney instructed me to file regarding my appeal (see attached letter from Jennifer Mannix to me). The specific records are counselor files of treatment progress of Scott W. Davis regarding Court case #SCR-32799. Scott Davis participated in Drug Court Treatment Center from 8-25-05 to 11-06-06, then he was dropped.

    So I need these records to counter claims of D.C.T.C. and D.A. of Sonoma County at sentencing stating poor performance in Drug Court. I need records of counselor files and notes to refute the claims on my habeas. Refer to sentencing transcripts attached, page 5, lines 18 to 23.

    As you know, the Act permits you to waive fees when the release of information is considered as "primary benefiting public". I'm indigent and have a court appointed attorney from appellate court to do my direct appeal, but not my habeas corpus. Habeas corpus petitions must be done by me. Refer to court appointed papers with this letter. If all or any part of this request is denied, please cite the specific exemption(s) that you think justifies your refusal to release the information and inform me of the appeal procedures available to me under the law.

    I would appreciate your handling this request as quickly as possible and look forward to hearing from you within 10 days, as the law stipulates.

Respectfully submitted,

Scott W. Davis, Petitioner
In Propria Persona

Scott W. Davis, #55132-F (#F-55132)
CMC-West Facility
Unit 1 - Dorm 10 - Bed 44 Up
P.O. Box 8103   San Luis Obispo, CA. 93403-8103


RECEIVED
BUT NOT FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA
SEP 14 2007
By_____ DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SONOMA

ROBERT S. BOYD
Presiding Judge
(707) 521-6725
FAX (707) 521-6754

HALL OF JUSTICE
600 Administration Drive
Santa Rosa, California 95403



September 25, 2007

Scott W. Davis, F-55132
California Mens Colony State Prison
West Facility
Unit 1 – Dorm 10 – Bed 44 Up
P.O.Box 8103
San Luis Obispo, CA 93403-8103

Re:    People v. Scott W. Davis
        Sonoma County Case No. SCR-32799

Dear Mr. Davis:

The records you have requested are not possessed by the court but are in the possession of the Drug Court Treatment Center, 2230 Professional Drive, Santa Rosa, California, 95401. Therefore, the court cannot respond to your request. Your request would need to be submitted directly to the Drug Court Treatment Center. I am returning your letter dated September 9, 2007, and the enclosures to you.

Sincerely,

Robert S. Boyd, Presiding Judge
Sonoma County Superior Court

Enclosures

SONOMA COUNTY SUPERIOR

ATTENTION APPEALS CLERK

600 administative drive

santa rosa ,ca 954073

Dear Appeals clerk.

    I am writing you in regards to missing records for my appeal
I have a direct appeal going and have been directed by my attorney
to file a habeas corpus. I need Drug Court treatment Center record
Meaning all information related to Treatment Center.All counselor
notes on progress ,all Judges notes the entire file from them.
Under rule 8.340 Notification missing items must besent within
10 days.All these records are part of normal recordon appeal and
are nessasary for review in my case CAL. RULES OF COURT 8.320

october 10th, 2007             Scott Davis #F55132
                                                Pro per



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
### *Civil Division*

---

600 Administration Drive, Room 107-J, Santa Rosa, California  95403-2878          (707) 521-6500
http:\\www.SonomaSuperiorCourt.com

October 17, 2007


SCOTT DAVIS
F55132
CALIFORNIA MEN'S COLONY STATE PRISON
SAN LUIS OBISPO CA   93409-8101


Mr. Davis:

This office is in receipt of your letter.  However, it is unclear exactly what you are asking of this office.  Clarification of what you are requesting is required.  Also, it is strongly recommended that you include a case number.There are many Scott Davis in our computer.

After a mild search, I find case number MCR-412145, which was appealed.  (The appellate case number is A116620).  In that case you are represented by counsel.  Any requests regarding that appeal must be processed through your attorney.  Also, that appeal is complete.   It would take an order from the District Court of Appeal for more documents to be added.

If you are requesting copies of documents or filing a habeas corpus, you must direct your letter to the Criminal Division because the appeals section does not handle habeaus corpus.


Respectfully,

Mala Fernandez

Mala Fernandez

---

Mala Fernandez, Senior Legal Processor

Criminal Court Clerk

    I need Records requested on previous letter Dated September 9th, 2007 under Freedom of information act. SCR 32799 This is for habeas corpus. I need all records from DRug court treatment center you should have access to them I need All counselor notes and progress reports for my Appeal to Refute D.A.s Claims of I did not progress there he stated this at sentencing I will be forced to have courts direct you if you do not comply and you could be breaking law if you don't I would appreciate your handling this request ASAP and need to hear from you as the law states in 10 Days under Freedom of information act 5 U.S.C. 552

October 24th 2007         Scott Davis

# FILED

OCT 3 0 2007

Clerk of the Superior Court of California
County of Sonoma
By



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SONOMA

**DENISE L. GORDON**
Court Executive Officer

600 Administration Drive, Rm. 107-J
Santa Rosa, CA 95403
(707) 521-6500

**CINDIA MARTINEZ**
Deputy Court Executive Officer

November 9, 2007

**CALIFORNIA MEN'S COLONY STATE PRISON**
SCOTT WILLIAM DAVIS, #F-55132 (WEST FACILITY)
UNIT 1 – DORM 10 – BED 44 UP
P.O. BOX 8103
SAN LUIS OBISPO, CA 93403-8103

        **RE:**   **SCOTT WILLIAM DAVIS**
                    **SCR-32799**

Dear Mr. Davis:

I am writing in reference to your recent request for documents. In September of this year, you requested that the court provide you with copies of various records and notes from the Drug Court Treatment Center at 2230 Professional Drive in Santa Rosa, California.

Judge Robert Boyd, the Presiding Judge of Sonoma County Superior Court, wrote you and explained that your request would need to be directed to that facility. To date, that information remains true and correct.

I am returning a copy of your most recent request and a copy of Judge Boyd's letter.

Respectfully,

Felecia D. Ford
Deputy Clerk

Enclosure(s)

*Ex "R"*