IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SCOTT W. DAVIS,

       Plaintiff,

  v.

DRUG COURT TREATMENT CENTER,
et al.,

       Defendants.
                                   /

No. C 07-05314 CW (PR)

ORDER REGARDING IN FORMA
PAUPERIS MOTION

Plaintiff, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. He has also filed an application to proceed in forma pauperis (IFP). However, Plaintiff filed a Notice of Change of Address requesting the Clerk of the Court to forward all documents to 370 Wilson Lane, Windsor, CA 95492, which the Court assumes is his home address because Plaintiff does not specify that he was transferred to another institution.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status. See 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. See id. However, if a prisoner who seeks leave to

1 proceed IFP is released from prison while his action is pending, he
2 will not be required to pay the full filing fee if IFP status is
3 granted.  See, e.g., DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th
4 Cir. 2003) (statutory language, legislative intent and policy
5 reasons dictate that prisoner granted IFP status when he filed
6 action would not be liable for full amount of filing fee upon
7 release but must be allowed to apply to proceed under general IFP
8 provisions of § 1915(a)(1)); McGore v. Wrigglesworth, 114 F.3d 601,
9 613 (6th Cir. 1997) (same); McGann v. Comm'r, Soc. Sec. Admin., 96
10 F.3d 28, 29-30 (2d Cir. 1996) (same).

11    Because Plaintiff no longer is incarcerated, in order for the
12 Court to assess whether he is entitled to proceed IFP he must apply
13 to proceed IFP under the general provisions of 28 U.S.C.
14 § 1915(a)(1).  The Court will not rely upon any prior IFP
15 application filed by Plaintiff while he was incarcerated to make
16 the IFP determination in this action.  Therefore, Plaintiff's
17 motion for leave to proceed IFP is TERMINATED as moot.  Plaintiff
18 shall either pay the $350.00 filing fee or file a new non-prisoner
19 IFP application.  If, based upon the information provided by
20 Plaintiff, the Court grants Plaintiff leave to proceed IFP, the
21 Court will proceed to review the complaint under § 1915(e)(2).[1]  If
22 the Court determines that Plaintiff is not entitled to IFP status,
23 he will be required to pay the full filing fee or the action will
24 be dismissed.

---

[1] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.

2

1    Accordingly, Plaintiff is hereby ORDERED to file a non-
2 prisoner application to proceed IFP.  Plaintiff shall answer all
3 questions and shall include Plaintiff's name and case number C 07-
4 05314 CW (PR) on the attached application.  Plaintiff shall file
5 his completed application within <u>thirty (30) days</u> of the date of
6 this Order.
7    The Clerk of the Court shall send Plaintiff a blank non-
8 prisoner IFP application form along with a copy of this Order.
9    The Court reminds Plaintiff it is his responsibility to
10 prosecute this case.  Plaintiff must keep the court and all parties
11 informed of any change of address by filing a separate paper
12 captioned "Notice of Change of Address."  He must comply with the
13 Court's orders in a timely fashion.  Failure to do so may result in
14 the dismissal of this action for failure to prosecute pursuant to
15 Federal Rule of Civil Procedure 41(b).
16    <u>Failure to file a completed non-prisoner IFP application form</u>
17 <u>as ordered herein by the thirty-day deadline shall result in the</u>
18 <u>dismissal of this action without prejudice.</u>
19    IT IS SO ORDERED.
20
Dated:  5/16/08                     _____
21                                    CLAUDIA WILKEN
                                     UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

C:\Documents and Settings\Workstation\Local Settings\Temp\notesF8C1A4\~8713287.wpd

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SCOTT W. DAVIS,

        Plaintiff,

v.

DRUG COURT TREATMENT CENTER et al,

        Defendant.
                                       /

Case Number: CV07-05314 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott W. Davis F55132 (w/blank non-prisoner IFP application)
370 Wilson Lane
Windsor, CA 95492

Dated: May 16, 2008

                                            Richard W. Wieking, Clerk
                                            By: Sheilah Cahill, Deputy Clerk