IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT W. DAVIS,<br><br>            Plaintiff,<br><br>    v.<br><br>DRUG COURT TREATMENT CENTER, et al.,<br><br>            Defendants.          / | No. C 07-05314 CW (PR)<br><br>ORDER REGARDING IN FORMA PAUPERIS MOTION |

Plaintiff, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. On January 24, 2008, Plaintiff submitted a notice of change of address to reflect a residential address. On May 16, 2008, the Court ordered Plaintiff to submit a non-prisoner in forma pauperis application (IFP) since it appeared that he was out of custody. On June 11, 2008, Plaintiff filed another notice of change of address notifying the Court that he was in custody. Plaintiff also filed a completed IFP application and a copy of his Certificate of Funds; however, Plaintiff did not file a copy of his prisoner trust account statement.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he submits an affidavit that he is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). If the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he must submit: (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the action, obtained

from the appropriate official of each prison at which the prisoner is or was confined. See id. § 1915(a)(1), (2). If the court determines that the plaintiff is unable to pay the full filing fee at the time of filing, the plaintiff will be granted leave to proceed IFP. This means that the filing fee must be paid by way of an installment plan, according to which the court first will assess and collect a partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account until the full $350.00 filing fee is paid. Id. § 1915(b)(1). The agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account exceeds ten dollars. See id. Therefore, before the Court will proceed to review the complaint Plaintiff is hereby ORDERED to file a copy of his prisoner trust account statement. Plaintiff shall do so within <u>thirty (30) days</u> of the date of this Order.

<u>Failure to file a copy of Plaintiff's prisoner trust account statement as ordered herein by the thirty-day deadline shall result in the dismissal of this action without prejudice</u>.

IT IS SO ORDERED.

Dated: 8/11/08

_Claudia Wilken_
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SCOTT W. DAVIS,

        Plaintiff,

v.

DRUG COURT TREATMENT CENTER et al,

        Defendant.

Case Number: CV07-05314 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott W. Davis F55132
Main Adult Detention Facility
2777 Ventura Ave.
Santa Rosa, CA 95403

Dated: August 11, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

3